# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS A. MORAN,<br><br>        Plaintiff,<br><br>    v.<br><br>A. OLA, et al.,<br><br>        Defendants. | Case No. 1:14-cv-01487-SAB-PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint, filed September 24, 2014.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on December 10, 2014. (ECF No. 6.)

1

1 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR) at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison, where the events at issue occurred. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff names as Defendants the following individuals: A. Ola, M.D.; J. Chockatos, M.D.; Physician's Assistant (PA) J. Fortune; R. Wilson, PA.

The Court initially notes that Plaintiff's complaint consists of 28 typewritten pages, describing Plaintiff's medical history and medical care over the course of approximately nine years. Plaintiff helpfully denotes the complaint by numbered paragraphs, but does not set out his facts in chronological order. The allegations of the complaint appear to be in random order. Plaintiff's allegations continually jump back and forth in time, without any rational connection to the specific conduct of the named Defendants.  The Court will set out the allegations of the

complaint in chronological order. As will be noted below, Plaintiff will be provided an opportunity to file an amended complaint. Plaintiff must set out the facts in his amended complaint in chronological order.

Plaintiff suffers from degenerative disc disease. Plaintiff specifically alleges that he was diagnosed with "an uncinated hypertrophy at C5-6 impinging the neuroforamen bilaterally and a small central disc herniation." (Cmpl. ¶ 7.) This diagnosis was made after Plaintiff underwent an MRI in October of 2010. In February of 2011, Plaintiff was diagnosed with Valley Fever. Plaintiff alleges that at some point, his medication for Valley Fever was discontinued.

On April 20, 2011, Plaintiff filed an inmate grievance, requesting that his medication be reinstated. Plaintiff also requested an MRI and to be seen by a pain specialist. Plaintiff alleges that his appeal was partially granted by the Health Care Appeals Committee on September 12, 2011, but his requests for medical treatment for his serious medical needs were denied by Chief Executive Officer Lonigro. Plaintiff alleges that Dr. Chokatos reviewed his grievance at the first level. Plaintiff alleges that he filed his appeal at the third level on September 7, 2011. It was denied at the final level of review on April 10, 2012. On March 15, 2012, Plaintiff filed another appeal, requesting treatment for his neck and back pain and his Valley Fever. Plaintiff's grievance was ultimately denied at the final level in October of 2013.

On July 27, 2013, plaintiff filed a grievance against Defendant Dr. Ola, for "refusing to provide me with adequate medical treatment." (Id. ¶ 19.) Plaintiff filed another grievance against Dr. Ola on September 19, 2013, for the same issue – refusing to provide Plaintiff with medical treatment. On November 12, 2013, the Chief Physician and Surgeon partially granted Plaintiff's request. Plaintiff alleges that on July 2, 2014, the Deputy Director, Policy and Risk Management Services at California Correctional Health Care Services denied Plaintiff's grievance.

Plaintiff alleges that on December 13, 2013, he filed another grievance against Dr. Ola, complaining that Dr. Ola told Plaintiff that he was going to prescribe Tylenol 3, but instead prescribed another pain medication. The other medication caused side effects, including anxiety.

The balance of Plaintiff's complaint contains similar allegations against other medical

3

officials not named as defendants in this action. Plaintiff asserts numerous conclusory allegations that officials denied him medical care. Plaintiff appears to allege that because of all the grievances that he filed, officials were aware of his serious medical needs. Plaintiff refers the Court to exhibits attached to his complaint whenever he refers to a serious medical need.

### III.

### DISCUSSION

The Civil Rights Act under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C.§ 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or

failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 10986.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980)(citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

The Court finds that the complaint fails to allege facts indicating that each of the individual Defendants knew of and disregarded a serious medical condition of Plaintiff's. Plaintiff concludes that Defendants knew of his serious medical condition because of his various grievances. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

Further, Plaintiff cannot refer to exhibits attached to his complaint in order to make his complaint complete. Plaintiff must specifically allege what serious medical condition he had, on what date, and how each Defendant knew of his condition. The Court will not refer to documents outside the complaint in order to determine whether Plaintiff states a claim. The Court will, however, note that a review of Plaintiff's exhibits reveals that a common complaint of Plaintiff's is that he should be prescribed narcotic pain medication, as opposed to the pain

1  medication that he has been prescribed.[2] As noted above, Plaintiff cannot state a claim for relief
2  by alleging facts that indicate a difference of agreement over his course of treatment.

### IV.

### CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 24, 2014 is dismissed for failure to state a claim;

---

[2] The Court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **February 16, 2016**

UNITED STATES MAGISTRATE JUDGE