| | |
|---|---|
| NICOLAS MORAN, | Case No.: 1:14-cv-01487-SAB (PC) |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR THE FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| A. OLA, et al., | |
| Defendants. | (ECF No. 16) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)

Currently before the Court is Plaintiff's second amended complaint, filed December 8, 2016. (ECF No. 16.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Nothwithstanding any filing fee, the district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis proceedings which seek monetary relief from immune diffendents); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).

## II.

## BACKGROUND

Plaintiff's original complaint was filed on September 24, 2014. (ECF No. 1.) The Court ruled on certain motions, and the originally-assigned magistrate judge then retired from the bench in August

2015, before the original complaint could be screened. (ECF No. 7.) The matter was then reassigned to the undersigned.

On February 16, 2016, the Court screened Plaintiff's complaint and dismissed it for the failure to state a cognizable claim upon which relief could be granted, with leave to amend within thirty days. (ECF No. 9.) Following an extension of time, on April 15, 2016, Plaintiff filed a first amended complaint. (ECF No. 12.)

On October 19, 2016, the Court dismissed Plaintiff's first amended complaint for failure to state a claim upon which relief may be granted, with leave to amend only his claim of false charges of hoarding medication. (ECF No. 13.) Following the partial granting of an extension of time, Plaintiff filed his second amended complaint on December 8, 2016. (ECF No. 16.)

Plaintiff's second amended complaint is being screened in the context of this procedural history, including the limited basis upon which leave to amend was most recently granted.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in the custody of the California Department of Corrections (CDCR) at Avenal State Prison. Plaintiff's second amended complaint concerns claims against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison. Plaintiff names the following individuals as Defendants: A. Ola, M.D.; R. Wilson, III, M.D.; Toni Clarke, Chief Supportive Executive; Donald McElroy, Chief Executive Officer; John Does, medical providers.

Plaintiff alleges as follows: John Does, Defendant Wilson, and Defendant Ola infested Plaintiff's confidential medical file with inculpatory false reports which have been used by them and other doctors.

On April 22, 2011, Defendant Wilson issued a progress note reflecting accusations that Plaintiff received an RVR 115 for hoarding medication. A copy of the note is attached, and states that Plaintiff recently received a 115 write up for hoarding medication in his mattress, a violation of the January 15, 2011 pain management agreement that he signed. On August 31, 2011, a John Doe issued a report reflecting that Plaintiff received an RVR 115 write up for hoarding medication. On January 24, 2012, Defendant Ola issued a progress note reporting the same. These reports have been used to

3

the substantial risk of serious harm to Plaintiff's health and safety. The reports were made with the purpose or expectations that they will lead to the denial or intervention in Plaintiff's medical treatment. Defendant Ola's making of inaccurate medical reports also violates CDCR policy and procedures.

On March 15, 2012, Plaintiff filed a 602 appeal complaining about his medical condition. During the process of his appeal, Plaintiff requested some of his medical reports to attach to his complaint. While he was getting them in order, he noticed that some of the medical reports reflected that he had received a Rules Violation Report (RVR 115) for hoarding medication. A declaration Plaintiff attaches to his complaint alleges that he requested a copy of the RVR on June 20, 2012.

Plaintiff requested a copy of the RVR, and never received a response, and the 602 was denied in October 2013. On September 29, 2013, Plaintiff again complained about Defendant Ola's false report, and again the 602 was denied.

On May 12, 2014, after complaining of such inaccurate reports, Plaintiff submitted another 602 complaining about Defendant Wilson's and Ola's false inculpatory reports, requested a copy of the RVR, and for any and all outcome of the decision taken in the disciplinary hearing, and requested for the false reports to be removed from Plaintiff's medical file. Plaintiff's appeal was rejected by the appeals coordinator. Plaintiff submitted a second 602 in regarding to that rejection, which was cancelled.

On August 17, 2014, Plaintiff submitted a CDC 22 form request for a copy of the reports the RVR was based on. On August 19, 2014, CCI Weber responded that he was unable to locate any disciplinary records indicating a RVR for hoarding medication authored by medical or custody staff.

On November 5, 2014, Plaintiff submitted a third 602 appeal regarding the same issues as the prior appeals, explaining CCI Weber's response. In December 2014, Plaintiff re-submitted his 602 to the appeals coordinator because it was returned without a response.

On January 28, 2015, Administrator Corona responded to Plaintiff's 602 and stated that Plaintiff's electronic health record is considered a legal document, and all documents entered in it are permanent and may not be removed. Plaintiff was informed that information or documentation discussing inaccuracies may be submitted and entered.

4

Administrator Corona also stated that on January 14, 2015, Defendant Ola was contacted regarding Plaintiff's request to remove the report dated January 24, 2012. However, Defendant Ola made the decision to uphold his reports, contending that the progress note was an accurate reflection of events. Administrator Corona also stated that Plaintiff's records note that he denied that he received a citation for hoarding. Plaintiff was informed that his health record would not be amended, and his 602 appeal was denied.

On February 12, 2015, Plaintiff submitted his appeal for second level review, and explained his dissatisfaction with the first level response. On April 14, 2015, Defendant Clarke and Defendant McElroy became aware of the problem of the false and inaccurate reports, and denied Plaintiff's 602.

Defendants Doe, Wilson and Ola's false reports intervened in Plaintiff's medical treatment, as they were used to accuse him of violating the agreement signed on January 15, 2011.

Plaintiff never received any notice of the RVR 115, nor any copy for him to prepare for the hearing and defend himself of the accusations. Regulations Article 5, section 3320 require any elements of a violation charge to be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff. Plaintiff never received any of the RVR 115 notifying him about said charges as required by the CDCR pursuant to section 3326(a)(1). Plaintiff's due process right was violated because he never received any copy, nor received any hearing of the charges that Defendants based their medical reports on.

Plaintiff alleges a claim for false reports, a claim for a due process violation, and a claim for deliberate indifference to the substantial risk of serious harm to his health or safety. Plaintiff seeks a declaratory judgment that his rights were violated, to expunge all inculpatory and false rules violation reports in regards to his medication from his institutional records, damages jointly and severally for pain, emotional injuries and physical injuries, punitive damages, and any other relief to which he is entitled.

///
///
///
///

**IV.**

**DISCUSSION**

**A.     Rules Violation Report for Hoarding Medicine**

The gravamen of Plaintiff's complaint is that either he was issued an RVR for hoarding medication in April 2011 of which he received no notice and had no hearing, or the RVR does not exist and all references to the RVR in his medical files are false reports.

1.     <u>False Record</u>

Plaintiff does not have a constitutional right to an accurate prison record. <u>Hernandez v. Johnston</u>, 833 F.2d 1316, 1318 (9th Cir. 1987). Plaintiff cannot state a constitutional claim based solely on the allegation that his medical records were falsified. <u>Vera v. Gipson</u>, No. 1:13-CV-00870-AWI, 2014 WL 2875585, at *5 (E.D. Cal. June 24, 2014); <u>see</u> also <u>Crisp v. Wasco State Prison</u>, No. 1:13-CV-01899-SKO PC, 2015 WL 3486950, at *5 (E.D. Cal. June 2, 2015) (while falsification of medical records can supply facts relevant to an Eighth Amendment claim, an inmate has no independent claim for relief under the Eighth Amendment based on inaccurate medical records).

Here, Plaintiff alleges that the notations or reports in his records discussing his alleged RVR 115 for hoarding medication have been used to deny him from being reinstated certain medications. The Court previously carefully considered Plaintiff's allegations that he was denied adequate medical care because he should be prescribed different pain medications than those he was prescribed. The Court specifically considered Plaintiff's allegations that his medical records stated he was hoarding medication, which he denied (<u>See</u> ECF No. 13, at pp. 3, 5, 8.) Nevertheless, the Court found that Plaintiff did not state any claim for deliberate indifference in violation of the Eighth Amendment, and found that the claim should be dismissed for the failure to state a claim despite repeated opportunities to amend, as noted above. (<u>Id</u>. at 10.) The current allegations do not change the Court's analysis. As a result, Plaintiff does not state any claims against Defendants Ola, Wilson, or any John Doe medical providers, and those claims will be dismissed, without leave to amend.

2.     <u>Due Process</u>

To state a claim for violation of the right to procedural due process, a plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial

6

of adequate procedural protections." Kildare v. Saenz, 325 F.3d 1078, 1085 (9th Cir. 2003). In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Id. at 454 (citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974)).

Here, Plaintiff has sufficiently alleged a denial of adequate procedural protections in that he alleges he received no notice and no opportunity to defend himself for his alleged rules violation for hoarding medication. However, Plaintiff has not sufficiently alleged a constitutionally protected liberty or property interest is at stake. Liberty interests can arise both from the Constitution and from state law. See Wilkinson v. Austin, 545 U.S. 209, 221 (2005); Hewitt v. Helms, 459 U.S. 460, 466 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Interests created by state law and regulation "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). Examples of such interests may include involuntary transfer to a mental hospital or involuntary administration of psychotropic drugs, depending on the circumstances. See id.

Prison inmates do not have a protected liberty interest in freedom from alleged classification errors where such errors do not cause the inmates to be subjected to "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The same principle applies to claimed due process violations arising from alleged falsification of prison documents. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) (discussing Sandin, 515 U.S. at 487 n.11)

///

Other than his few statements related to be denied his preferred medication, Plaintiff has alleged few facts regarding any deprivations caused by the alleged denial of due process here. Plaintiff has not alleged sufficient facts to show any protected liberty or property interest deprivation.

Plaintiff must also identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

Plaintiff will be granted one final opportunity to amend his complaint to attempt to state such a claim.

### B. Appeals Process

Plaintiff's sole allegations against Defendants Clarke and McElroy are that they denied his 602 appeal regarding his complaints of false and inaccurate reports. He also attaches their April 14, 2015 second level health care appeal response to his complaint. (ECF No. 16, at p. 83.) The response gives a detailed summary of Plaintiff's allegations, and states that his appeal was denied because he may submit a request for an amendment to his medical records to the extent he disagrees, and it appears as of April 14, 2015, he had not submitted any such request.

Although there is a First Amendment right to petition government for redress of grievances, there is no right to a response or any particular action. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress . . . is not compromised by the prison's refusal to entertain his grievance."). Furthermore, Plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Although Plaintiff contends that his appeal was wrongfully denied, he does not allege any due process violation here, under the standards explained above. Thus, Plaintiff has failed to state a due process claim against Defendants Clarke and McElroy. The Court will grant Plaintiff one final opportunity to amend his complaint to attempt to state such a claim.

### C. Declaratory Judgment

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a

useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.

Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary, and Plaintiff's request for a declaratory judgment will be dismissed, without leave to amend.

### D. Page Limit

Plaintiff's complaints in this case have consistently exceeded 90 pages, and have sometimes exceeded 200 pages, including exhibits. Plaintiff makes only general references to his exhibits in his pleadings, rather than directing the Court to a specific document that supports his allegations.

The Court is not required to sift through excessively lengthy filings to determine Plaintiff's causes of action. Any third amended complaint which Plaintiff elects to file must include concise but complete factual allegations describing the conduct and events which underlie his claims. Any exhibits should be incorporated by specific reference in Plaintiff's allegations.

In this regard, Plaintiff's third amended complaint will be subject to thirty (30) page limit, including up to twenty (20) pages for his pleading and up to ten (10) pages for exhibits. Any page limit greater than 30 shall be disregarded and stricken as violative of this Court's order.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's second amended complaint fails to state a claim upon which relief may be granted. As explained above, Plaintiff will be granted one final opportunity to file an amended complaint to attempt to state a due process claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's third amended complaint must be filed within thirty (30) days, and is subject to the thirty-page limit set forth above. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's second amended complaint, filed December 8, 2016, is dismissed for failure to state a claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint or notice of voluntary dismissal in compliance with this order, this action will be dismissed for failure to state a claim**.

IT IS SO ORDERED.

Dated: __May 31, 2017__

_____
UNITED STATES MAGISTRATE JUDGE