**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICOLAS MORAN,<br><br>    Plaintiff,<br><br>    v.<br><br>A. OLA, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-01487-SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF, SUBJECTING PLAINTIFF TO STRIKE UNDER 28 U.S.C. § 1915(g)<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>[ECF No. 20] |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)

Currently before the Court is Plaintiff's third amended complaint, filed August 9, 2017. (ECF No. 20.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**BACKGROUND**

Plaintiff's original complaint was filed on September 24, 2014. (ECF No. 1.) The Court ruled on certain motions, and the originally-assigned magistrate judge then retired from the bench in August 2015. (ECF No. 7.) The matter was then reassigned to the undersigned.

On February 16, 2016, the Court screened Plaintiff's complaint and dismissed it for the failure to state a cognizable claim upon which relief could be granted, with leave to amend within thirty days. (ECF No. 9.) Following an extension of time, on April 15, 2016, Plaintiff filed a first amended complaint. (ECF No. 12.)

On October 19, 2016, the Court screened Plaintiff's first amended complaint and dismissed it for the failure to state a claim upon which relief may be granted, with leave to amend only his claim of false charges of hoarding medication. (ECF No. 13.) Following the partial granting of an extension of time, Plaintiff filed his second amended complaint on December 8, 2016. (ECF No. 16.)

On May 31, 2017, the Court screened Plaintiff's second amended complaint and dismissed it for the failure to state a claim upon which relief may be granted, with one final grant of leave to amend only his claim of a violation of his due process rights related to false charges of hoarding medication. (ECF No. 17.) Following the grant of an extension of time, Plaintiff filed his third amended complaint on August 9, 2017. (ECF No. 20.)

The Court now screens Plaintiff's third amended complaint in the context of this procedural history.

### III.
### COMPLAINT ALLEGATIONS

Plaintiff is currently in the custody of the California Department of Corrections (CDCR) at Avenal State Prison. Plaintiff's third amended complaint concerns claims against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison. Plaintiff names the following individuals as Defendants: A. Ola, M.D.; R. Wilson, III, M.D.; Toni Clarke, Chief Supportive Executive; Donald McElroy, Chief Executive Officer; John Does #1 and #2, medical providers.

Plaintiff alleges as follows: The deliberate indifference of defendants John Does #1 and #2, R. Wilson, A. Ola, T. Clarke, and D.B. McElroy to the substantial risk of serious harm to Plaintiff's health or safety, has deprived and continues to deprive Plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

On January 26, 2011, John Doe #1 issued a problem list CDCR form 7420-A stating that Plaintiff received a 115 for hoarding his pain medication (Jan. 16, 2011 medial record, ECF No. 16, at p. 35.) Plaintiff never received any notification of these charges, and asserts that they are not true.

On April 22, 2011, Defendant Wilson issued a medical report (active medication) stating that Plaintiff got caught hoarding Neurontin and Tramadol. Defendant Wilson ordered for Plaintiff's medication to be stopped. (Medication Reconciliation – Active Medications as of 4/22/2011, ECF No. 16, at p. 36.) Plaintiff does not remember getting caught hiding medication, or being punished for those charges. Plaintiff never received any notification of said charges.

///

On May 6, 2011, Defendant Wilson issued a medical report CDCR form 7230-M Primary Care Provider Progress Note and stated that Plaintiff received a 115 write-up for hoarding pain medication in his mattress, and that it was a clear violation to the pain agreement signed on January 15, 2011. (May 6, 2011 Progress Note, ECF No. 16, at p. 37.)

On August 31, 2011, John Doe #2 issued a CDCR form 7420-A problem list, and stated that Plaintiff received a 115 for hoarding pain medication, Neurontin and Tramadol. (Aug. 31, 2011 Problem List/Flow Record, ECF No. 16, at p. 38.) Plaintiff never received any notice of said charges.

On January 24, 2012, Defendant Ola issued a primary care provider note, CDCR form 7230-M, and stated that Plaintiff asked for Neurontin and Tramadol, but the problem list shows 115 citation for hoarding in April 2011. Plaintiff never received any notice of such write-up 115 RVR.

CCR, CDCR and Title 15 §§ 3320(a)(1) and 3200(c)(1) and (2) states that:

1. A classified copy of the CDC form 115 per section 3313(a) CDC form 115-A (Rev. 07/88) and any additional supplemental information documented via the CDC form 115-c (Rev. 05/95) containing any elements of the violation charged, shall normally be provided to the inmate within 15 days from the day the information leading to the charges is discovered by staff.

2. A disciplinary hearing shall not be held until the inmate has been provided with a classified copy of the CDC form 115 and all non-confidential reports containing information relative to the charge, including the investigate report at least 24 hours to review the material and prepare for the hearing.

Plaintiff never received any write-up 115 RVR, neither was he notified about the charges for him to be able to defend his interest to retain his needed pain medication. Plaintiff was not allowed the minimum of due process to be heard, protected by the United States Constitution.

On March 15, 2012, Plaintiff filed a 602 appeal complaining about his serious medical condition on his cervical, lower back, and throat. (See CDCR 602, Log. #PVSP-HC-12047992, ECF No. 16, at pp. 22-24.) During the process of his appeal, Plaintiff requested some of his medical records. While reviewing them, he noticed that some of the copies/medical reports reflected/stated that Plaintiff had received a Rules Violation Report (RVR 115) for hoarding medication. (See medical records, ECF No. 16, at pp. 35-39.) Plaintiff requested a copy of the RVR, and did not receive a response.

4

On September 19, 2013, during Plaintiff's second 602, he notified the California Correctional Health Care Services supervisors about Defendant Ola's inaccurate medical reports. (CDCR 602 Log #PVSP-HC-13050088-8, ECF No. 16, at p. 42.) Plaintiff was not notified of any action taken to investigate his complaints.

On May 12, 2014, during the process of Plaintiff's third 602, he continued notifying the California Correctional Health Care Services supervisors about the inaccurate medical reports issued by Defendants John Doe #1, Wilson, John Doe #2, and Ola, and he continued requesting the 115 copy. (CDCR 602 Log #PVSP-HC-14050671-8, ECF No. 16, at p. 57.) S. Navarro, the health care appeals coordinator, rejected Plaintiff's appeal two times.

On approximately June 4, 2014, during the process of Plaintiff's fourth 602, he continued notifying the CDCR Health Care Services supervisor about defendants mentioned false statements/reports. (CDCR 602 Log #PVSP-HC-1405719, ECF No. 16, at p. 64.) On June 16, 2014, S. Navarro canceled Plaintiff's fourth 602, instead of meeting with him to help him with the problem, or sending someone to protect Plaintiff's 602 process and his rights to be heard.

On approximately November 5, 2014, during the process of Plaintiff's fifth 602, he continued notifying the CDCR Health Care Services supervisor about the inaccurate/false statements issued and filed in Plaintiff's personal confidential medical file by the defendants. (CDCR 602 Log #PVSP-HC-15051172-8, ECF No. 16, at p. 74.).

On January 28, 2015, the Correctional Health Care Services Administrator Regina Corona denied Plaintiff's fifth 602, based solely on the report of Defendant Ola, who also issued his medical report based solely on Defendant Wilson's reports, which are based on John Doe's problem lists and/or hearsay, as Plaintiff has been notified that there are no further medical reports. Neither are there any other 115 RVR, at least Plaintiff never received any citation for the 115 hearing.

On April 14, 2015, Defendant Toni Clarke, Chief Support Executive of Health Care Services, denied Plaintiff's fifth 602, and no proper procedures were followed to correct defendants' inaccurate/false statements solely on the grounds that Plaintiff did not submit a note to let them know the problem. (Institutional Response for Second Level HC Appeal, Log #PVSP-HC-15051172, ECF No. 16, at pp. 83-85.)

On April 14, 2015, Defendant D.B. McElroy, Chief Executive Officer of the Health Care Services, denied Plaintiff's fifth 602 appeal after being aware of all the mess, and decided to do nothing to correct it. (Id.)

Defendants Clarke and McElroy are policy makers and had the responsibility and obligation to ensure that the institutional medical procedures were properly followed. Both defendants failed to instruct, supervise, control, and discipline all named defendants in their performance of their duties to refrain from falsifying reports, neglecting to follow proper CDCR policy, failing to conduct lawful investigations of Plaintiff's complaints, otherwise depriving him of his constitutional statutory and departmental privileges, rights and immunities. Defendants Clarke and McElroy violated Plaintiff's Eighth Amendment rights by failing to adequately supervise the medical staff subordinate to them.

From approximately June 2008 to January/April 2011, Plaintiff was prescribed pain medication (Tramadol and Neurontin) for his serious medical needs/condition, including pain on his throat, neck and lower back. Because of Defendants' medical reports, he is not allowed to get the medication back.

Plaintiff seeks a declaratory judgment that his rights were violated, an expungement of his medical records and central file, compensatory damages, punitive damages, and any other relief that he is entitled to.

## IV.

## DISCUSSION

Plaintiff alleges a violation of his rights protected by the Due Process Clause of the Fourteenth Amendment, because he received no notice or opportunity to defend himself against alleged charges for hoarding medication in an alleged 115 RVR. Plaintiff asserts that the allegations that he was hoarding medication are false, and the 115 write-up has been used by medical providers as a basis for refusing to prescribe him narcotic pain medications, which he contends is necessary to treat his serious medical condition.

As noted above, Plaintiff's allegations have been previously screened, and he previous pleaded that he was prescribed other pain medications. However, his preference is for the narcotic pain medications that he alleges he is being denied on the grounds of the false 115 RVR for medication hoarding. (See ECF No. 9, at pp. 5-6.) Plaintiff's allegations that he was denied his preferred treatment

have been repeatedly found to be insufficient to state a claim for a violation of the Eighth Amendment based on deliberate indifference to a serious medical need. (Id.; see also ECF No. 13, at pp. 8-11.) Plaintiff's current third amended complaint raises this issue via a claim asserting a violation of his due process rights.

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Id. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and state-created liberty interests arise not from the mandatory language in prison regulations but from the nature of the condition of confinement, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 483-84, 115 S. Ct. 2293 (1995)). Such "interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 483-84 (citations omitted); Wilkinson, 545 U.S. at 221; Brown v. Oregon Dep't of Corr., 751 F.3d 983, 987 (9th Cir. 2014); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

In this case, the protected liberty interests Plaintiff asserts is that he should specifically be prescribed the narcotic pain medication he prefers, as opposed to other pain medication that his medical providers have prescribed. The Court finds that Plaintiff has not adequately alleged a due process violation here. Plaintiff has not alleged a deprivation of a protected liberty or property interest other than being denied his preferred medical treatment. However, as Plaintiff is a convicted prisoner, his rights to adequate medical care are covered by the Eighth Amendment. See County of Sacramento v. Lewis, 523 U.S. 833, 842-43 (1998) (where particular Amendment provides an explicit textual source of constitutional protection, claim is properly analyzed under that Amendment, not the more generalized notion of substantive due process); see also Adams v. Arab, No. 10-cv-706-MMA (BLM), 2011 WL 13100736, at *8-9 (S.D. Cal. Oct. 24, 2011) (rejecting state prisoner's characterization of

claim for inadequate medical care as violation of his Fifth and Fourteenth Amendment due process rights, and instead analyzing claim under Eighth Amendment). As discussed above, the Court has repeatedly found that Plaintiff's allegations that non-opioid medications, in his view, do not work as well as opioid medications for his pain, are not sufficient to state any claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Accordingly, Plaintiff's claim should therefore be dismissed for the failure to state a claim upon which relief may be granted.

## V.

## CONCLUSION AND ORDER

Plaintiff's third amended complaint fails to state a cognizable claim for relief. Despite guidance from the Court and numerous opportunities to amend, Plaintiff has been unable to plead allegations sufficient to state any cognizable claim. The Court is persuaded that Plaintiff is unable to allege any additional facts that would support a cognizable claim in this case, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for Plaintiff's failure to state a claim upon which relief may be granted. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and

2. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: **September 7, 2017**

UNITED STATES MAGISTRATE JUDGE