# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| NICOLAS MORAN, | ) Case No.: 1:14-cv-01487-SAB (PC) |
|---|---|
| Plaintiff, | ) <br> ) ORDER DENYING PLAINTIFF'S REQUEST FOR <br> ) RECONSIDERATION OF HIS DUE PROCESS |
| v. | ) CLAIM PURSUANT TO FEDERAL RULE OF <br> ) CIVIL PROCEDURE 60 |
| A. OLA, et al., | ) |
| Defendants. | ) [ECF No. 23] <br> ) <br> ) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)

On September 7, 2017, following several attempts by Plaintiff to state a claim, this action was dismissed for the failure to state a claim upon which relief may be granted. (ECF No. 21.) Judgment was entered accordingly that same day. (ECF No. 22.)

Currently before the Court is Plaintiff's motion seeking reconsideration of the final order in this matter pursuant to Federal Rule of Civil Procedure 60, filed on September 28, 2017. (ECF No. 23.)

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). In seeking reconsideration of an

1

order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff argues that he sufficiently pleaded a due process violation because as a result of not having a fair hearing, he has been "deprived of his so needed pain medication. . . ." (ECF No. 23, at p. 4.) As was explained to Plaintiff, the deprivation of his preferred narcotic pain medication is not a protected liberty interest under the Due Process Clause. In other words, to bring a claim that Plaintiff was not provided sufficient procedural protections with regards to the allegedly false charges of medication hoarding, Plaintiff must establish that a protected interest was at stake. Plaintiff has failed to do so here. Plaintiff's motion does not show any error, change in the law, or new circumstances requiring the Court to reconsider its prior rulings in this case.

Accordingly, Plaintiff's motion for reconsideration (ECF No. 23) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **October 3, 2017**

UNITED STATES MAGISTRATE JUDGE